UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN DAVIS aka<br>WALI AL-TAQI DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>PASADENA SUPERIOR COURT, et al.,<br><br>    Defendants. | 1:08-cv-01105-LJO-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

Plaintiff, Dorian Davis aka Wali Al-Taqi Davis ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on July 31, 2008. (Doc. 1.)

**I.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

1

1  if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
2  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which
4  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the
5  claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),
6  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners
7  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
8  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,
9  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve
10 all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11 **II.    SUMMARY OF COMPLAINT**

12 Plaintiff is a state prisoner presently incarcerated at Kern Valley State Prison in Delano,
13 California and is serving a sentence imposed by the Pasadena Superior Court of Los Angeles County,
14 California.  The complaint was filed on July 31, 2008 and names as defendants the Pasadena Superior
15 Court for the County of Los Angeles and the California Department of Corrections and Rehabilitation.

16 Plaintiff alleges that on December 1, 1997, he was erroneously sentenced to 40 years and 8
17 months, instead of 19 years and 4 months, at the Pasadena Superior Court.  Plaintiff alleges the court
18 failed to comply with Section 669 of the California Penal Code, the U.S. Constitution, and the state
19 Constitution, in deciding the sentence. Between May 10, 2005 and April 1, 2008, plaintiff filed a motion
20 to correct his sentence, a petition for writ of mandate, a petition for writ of coram nobis, and four
21 petitions for writ of habeas corpus, all which were denied.  On April 18, 2008, the Pasadena Superior
22 Court issued a new minute order which incorporated a new judgment to correct plaintiff's sentence.
23 However, plaintiff alleges that the corrected sentence is incorrect due to the improper usage of "nunc
24 pro tunc" and failure to comply with court rules and Penal Code Section 669.

25 Plaintiff requests as relief a declaratory judgment "setting out the duties and procedures of the
26 parties, express[ing] [the] opinion of the court about the 'judicial error' and [its] relation [] to 'nunc pro
27 tunc' or [] to the 5th Amendment Double Jeopardy clause." Plaintiff also requests a court order directing

28

1  the Pasadena Superior Court to apply the proper procedures pursuant to Penal Code Section 669.   the
2  reversal of his criminal case and a correction to his sentence based on the promise he was given by the
3  prosecutor when he entered a guilty plea at the Fresno County Superior Court.  (Case 313768-4.)

**III.    HABEAS CORPUS**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the complaint, plaintiff challenges the legality of his sentence.  He seeks as relief a declaratory judgment setting out the duties of the parties, and a court order directing the Superior Court to apply proper sentencing procedures.  Success in this action would necessarily demonstrate the invalidity of plaintiff's confinement or its duration.   Therefore, plaintiff's sole federal remedy is a writ of habeas corpus, and the court should dismiss the claim without prejudice.

**IV.    CONCLUSION**

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983.  The court also finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Therefore, based on the foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 16, 2008**          /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

4